**BORISON FIRM, LLC.**
Scott C. Borison (State Bar No. 289456)
*scott@borisonfirm.com*
1900 S. Norfolk St Ste 350
San Mateo CA 94403
Telephone: (301) 620-1016
Facsimile:  (301) 620-1018

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (Pro Hac Vice to Be Filed)
spencer@spencersheehan.com
60 Cuttermill Rd Ste 409
Great Neck, NY 11021
Telephone:  (516) 303-0552
Facsimile:   (516) 234-7800
*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eugina Harris, individually, and on behalf of those similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>McDonald's Corporation,<br><br>     Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

Plaintiff Eugina Harris ("Plaintiff"), on behalf of himself and others similarly situated brings this Class Action Complaint against McDonald's Corporation ("Defendant" or "McDonald's"), and on the basis of personal knowledge, information and belief, and investigation of counsel, allege as follows:

## **INTRODUCTION**

1.      Defendant manufactures distributes, markets, labels and sells "soft serve" ice cream or reduced fat ice cream purporting to be flavored only by vanilla under their "McDonald's" brand ("Products" or "Vanilla Soft Serve Ice Cream").

2.      During the Class Period (as defined below), Plaintiff Eugina Harris purchased the Products in California.

3.      McDonald's falsely and misleadingly markets the Products to consumers as being flavored with vanilla, from vanilla beans through representations of its soft serve ice cream as "Vanilla Cone."



4.      In fact, the Product contains non-vanilla, artificial flavors, not disclosed to consumers and has less vanilla than consumers expect.

5.      McDonald's menu boards in its restaurants, drive through displays, self-service kiosks, website, conventional and digital advertising, social media marketing and point-of-sale displays identify the Product as "Vanilla."

6. The Product's representation of "Vanilla" "leads consumers to believe that it is flavored only with vanilla.[1]

7. McDonald's charges a price premium for its Products identified herein.

8. Plaintiff seeks damages and an injunction to stop Defendant's false and misleading marketing practices with regards to its soft serve and reduced fat ice cream.

## JURISDICTION

9. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

10. The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the parties are citizens of different states.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and misrepresentations giving rise to Plaintiff's claims occurred in this District, and Defendant (1) is authorized to conduct business in this District and has intentionally availed itself of the laws and markets of this District through the promotion, marketing, distribution and sale of its products here, (2) resides in this District, and (3) is subject to personal jurisdiction in this District.

## PARTIES

12. Plaintiff Eugina Harris is a resident of the City of Oakland and County of Alameda, California. During the Class Period (as defined below), in California, she purchased the Product for personal, family, or household consumption and/or use regularly and consistently during at least 2019 and 2020.

13. Plaintiff Eugina Harris purchased the Product at McDonald's locations including but not necessarily limited to the location at 6300 E 14th St, Oakland, CA 94621.

14. Plaintiff would not have purchased or paid more for the Product had Plaintiff realized that much, if not all, of the vanilla flavor came from non-vanilla plant sources.

15. Defendant advertised the Product as "Vanilla."

---

[1] Hallagan and Drake at 54; *See also* 21 U.S.C. §343(g) (requiring ingredients to be listed with "the name of the food specified in the definition and standard"); 21 C.F.R. § 101.4(a)(1) (requiring ingredients "be listed by common or usual name").

16.     Plaintiff relied upon these representations when she purchased the Product.  She believed that the vanilla flavor in the Product was only from vanilla beans and would come only from the vanilla plant.  Plaintiff would not have purchased the Product had Plaintiff understood the true flavor composition of the Product.  Plaintiff would purchase the Product again in the future if the Product were remedied to reflect Defendant's labeling and marketing claims for it.

17.     Defendant McDonald's Corporation is a Delaware corporation, with its principal place of business in Chicago, Illinois.

**BACKGROUND**

18.     According to recent industry reports, "Food companies are dropping artificial flavors, coloring, preservatives and other additives with scary names and focusing more on natural, wholesome and fresh ingredients."[2]

19.     Nielsen has reported that 62% of consumers say they try to avoid artificial flavors.[3]

20.     New Hope Network concluded that "71% of consumers today are avoiding artificial flavors."[4]

21.     Label Insight determined that 76% of consumers avoid artificial flavors.[5]

22.     Consumers are seeking products which obtain their flavor from their characterizing food ingredients, i.e., strawberry shortcake which contains sufficient strawberries to provide flavor to the food or flavor obtained from the characterizing food ingredient, i.e., strawberry flavor from strawberries as opposed to strawberry flavor synthesized from cherries.[6]

23.     As "natural, organic and better-for-you trends proliferate, demand has flourished for naturally sourced vanilla."[7]

---

[2] Jeff Daniels, Why your favorite foods may be getting new recipes, CNBC, September 19, 2016
[3] Nielsen, Reaching For Real Ingredients: Avoiding The Artificial, Sept. 6, 2016.
[4] Alex Smolokoff, Natural color and flavor trends in food and beverage, Natural Products Insider, Oct. 11, 2019.
[5] Thea Bourianne, Exploring today's top ingredient trends and how they fit into our health-conscious world, March 26-28, 2018.
[6] David Andrews, Synthetic ingredients in Natural Flavors and Natural Flavors in Artificial flavors, Environmental Working Group (EWG).
[7] Amanda Del Buono, *Suppliers utilize cost-effective vanilla ingredient solutions*, Beverage
*Footnote continued on next page*

24.    Manufacturers have responded, "by transitioning from artificial to natural ingredients," including "natural vanilla ingredients."[8]

**SPECIFIC MISREPRESENTATIONS,**
**MATERIAL OMISSIONS, AND DECEPTIVE ACTS**

**Misleading and Deceptive Flavor Designation and Product Name**

25.    Global climate disruptions resulting in natural disasters befalling the primary vanilla producing country of Madagascar, have caused vanilla shortages.

26.    This disruption in available vanilla has caused companies to cut corners when it comes to their premium vanilla ice cream products.

27.    Vanilla flavors are the only flavorings subject to a standard of identity.  *See* 21 C.F.R. § 169.

28.    These standards were promulgated to end practices which "deprive the consumer of value the product is represented to have, and for which the consumer pays," such as "the widespread and exceedingly serious adulteration of vanilla extracts that are now labeled 'pure.'"[9]

29.    Industry leaders supported vanilla standards to "insure, for the protection of both the consumers and our industry, that all vanilla products are correctly labeled and meet at least minimum standards."[10]

30.    To correctly label foods with a characterizing flavor of vanilla, Hallagan and Drake stress two key points:

---

Industry (last updated Oct. 14, 2016).
[8] *Id*.
[9] Letter from McCormick & Company Inc. to HEW Secretary, January 15, 1960.
[10] Letter from McCormick & Company Inc. to HEW Secretary, January 15, 1960.

1.      "The federal standards of identity for vanilla flavorings at 21 CFR Section 169 and ice cream at 21 CFR Section 135, and their labeling requirements, take precedence over the general flavor and food labeling regulations at 21 CFR Section 101.22;" and

2.      "The federal standard of identity for vanilla flavorings at 21 CFR Section 169 applies to both the flavorings sold directly to consumers and to food manufacturers [for use in finished food products]."[11]

31.      Ice cream flavor regulations distinguish between three categories, with Category 1 referring to ice cream which gets its flavor only from its natural characterizing flavor – i.e., vanilla from vanilla beans, strawberry from strawberries, etc. *See* 21 C.F.R. §135.110(f)(2)(i) ("If the food contains no artificial flavor, the name on the principal display panel or panels of the label shall be accompanied by the common or usual name of the characterizing flavor, e.g., 'vanilla'").

32.      All flavors from sources other than a natural characterizing flavor are considered "artificial flavors" in the context of ice cream, according to the International Dairy Foods Association ("IDFA") (describing artificial flavors as "derived from natural sources other than the characterizing flavor and simulate, resemble or reinforce the characterizing flavor").[12]

33.      According to John B. Hallagan and Joanna Drake, the former and current legal advisors for The Flavor and Extract Manufacturers Association of the United States ("FEMA"):

> When consumers purchase ice cream labeled as "vanilla ice cream" they expect it to be flavored with vanilla flavoring derived from vanilla beans *unless labeled otherwise*. As we shall see, this expectation is codified in two U.S. federal standards of identity, one for vanilla flavorings and one for ice cream.[13] (emphasis added).

---

[11] Hallagan at 35.

[12] IDFA, Ice Cream & Frozen Desserts Labeling Manual, 2019 Ed.

[13] John B. Hallagan and Joanna Drake, The Flavor and Extract Manufacturers Association of the United States, "Labeling Vanilla Flavorings and Vanilla-Flavored Foods in the U.S.," Perfumer & Flavorist, Apr. 25, 2018.

34.     The IDFA, Hallagan and Drake and FEMA point out that the regulations for vanilla products and ice cream "are supplemented by a formal FDA Advisory Opinion, and a collection of FDA-issued regulatory correspondence," which support this conclusion.[14]

35.     That the ice cream regulations are meant to be read "together with the vanilla standard of identity means that the characterizing flavor for this [Category 1] ice cream must be provided only by vanilla extract complying with the standard at 21 CFR Section 169.175, or another standardized vanilla flavoring derived solely from vanilla beans."[15]

36.     McDonald's representations, through its menu boards, kiosks, website and advertising of the Products – "Vanilla Soft Serve" and "Vanilla Cone," and all other dessert products which incorporate the vanilla soft serve ice cream – are false, misleading and unlawful because the vanilla soft serve ice cream is flavored by artificial vanilla in the form of vanillin, and contains less actual vanilla than consumers expect.



---

[14] Hallagan, endnote 7, FDA, 1983. Letter dated 9 February 1983 from FDA to FEMA constituting an FDA Advisory Opinion (21 C.F.R. § 135.110(f) "makes no provision for any natural flavors other than natural characterizing flavors" which means the "FDA must treat all natural flavors that simulate the characterizing flavor as artificial flavors when deciding what name should appear on the principal display panel.").

[15] Hallagan at p. 11.

37.     Several reasons support the allegations that McDonald's Vanilla Soft Serve Ice Cream is not flavored exclusively by vanilla ingredients.

38.     The use of non-vanilla flavoring is revealed through the ingredient list designation of "Natural Flavor" instead of an exclusively vanilla ingredient like "vanilla extract" or "vanilla flavoring." *See* 21 C.F.R. § 169.175 (b)(1) ("The specified name of the food is 'Vanilla extract' or 'Extract of vanilla'"); see also 21 U.S.C. §343(g) (requiring ingredients to be listed with "the name of the food specified in the definition and standard").

Vanilla Reduced Fat Ice Cream
Ingredients: Milk, Sugar, Cream, Corn Syrup, Natural Flavor, Mono and Diglycerides, Cellulose Gum, Guar Gum, Carrageenan, Vitamin A Palmitate.

**Ingredients:** Milk, Sugar, Cream, Corn Syrup, Natural Flavor, Mono and Diglycerides, Cellulose Gum, Guar Gum, Carrageenan, Vitamin A Palmitate.

39.     In vanilla ice cream, the designation of an ingredient as "natural flavor" means it is a combination of vanilla and non-vanilla flavor.

40.     This conclusion is supported by gas chromatography-mass spectrometry ("GC-MS") analysis, a method that laboratories typically rely on to authenticate whether a product contains vanilla from vanilla beans or synthetic compounds designed to mimic the taste provided by vanilla.

**Table 1**

**Sheehan & Associates, P.C., Project #7738**
**McDonald's Soft Serve Vanilla Ice Cream**
**Production Code: N/A**
**Methylene Chloride Extract of 10.0 g with 1 ppm Matrix-Spiked Int. Std. by P&T-TD-GC-MS**

Data File = TSQA4264

| MS Scan # | Area Integration | Peak Assignment | Conc. PPM w/w |
|---|---|---|---|
| 83 | 310407 | acetic acid | 0.080 |
| 159 | 1930546 | acetol | 0.495 |
| 180 | 42711 | propionic acid | 0.011 |
| 212 | 1955672 | acetoin | 0.502 |
| 266 | 19306078 | 1,2-propylene glycol | 4.953 |
| 300 | 1607581 | butyric acid | 0.412 |
| 314 | 264343 | hexanal | 0.068 |
| 361 | 539000 | furfural | 0.138 |
| 374 | 27475 | 2-methylbutyric acid | 0.007 |
| 382 | 363269 | dimethylsulfoxide (DMSO) | 0.093 |
| 388 | 241862 | furfuryl alcohol | 0.062 |
| 409 | 38958 | pentanoic acid | 0.010 |
| 420 | 413208 | lactic acid | 0.106 |
| 431 | 136045 | 2-heptanone | 0.035 |
| 448 | 72265 | heptanal | 0.019 |
| 479 | 30721289 | dimethyl sulfone | 7.881 |
| 552 | 13734486 | hexanoic acid + small traces of benzaldehyde + methyl furfural | 3.523 |
| 571 | 167763 | octanal | 0.043 |
| 607 | 126291 | cyclotene | 0.032 |
| 619 | 58729 | benzyl alcohol | 0.015 |
| 638 | 694334 | heptanoic acid | 0.178 |
| 645 | 31416 | octyl alcohol | 0.008 |
| 649 | 77250 | 2-acetyl pyrrole | 0.020 |
| 668 | 73765 | 2-nonanone | 0.019 |
| 677 | 541857 | guaiacol | 0.139 |
| 685 | 1139318 | nonanal | 0.292 |
| 708 | 401224 | maltol + phenylethyl alcohol | 0.103 |
| 758 | 29300370 | octanoic acid | 7.516 |
| 765 | 414626 | benzoic acid | 0.106 |
| 786 | 69629 | 2-methoxy-4-methylphenol | 0.018 |
| 791 | 251866 | decanal | 0.065 |
| 802 | 3898206 | naphthalene-d8 (internal standard) | 1.000 |
| 834 | 962648 | hydroxymethyl furfural (HMF) | 0.247 |
| 842 | 2097635 | nonanoic acid | 0.538 |
| 875 | 90617 | 2-undecanone | 0.023 |
| 884 | 236044 | delta-nonalactone | 0.061 |
| 908 | 102033 | 2,4-decadienal | 0.026 |
| 949 | 28027470 | decanoic acid | 7.190 |
| 1019 | 193995968 | vanillin | 49.765 |
| 1043 | 177151 | vanillyl ethyl ether + 4-hydroxy-3-methoxybenzyl alcohol | 0.045 |
| 1049 | 65941 | acetovanillone | 0.017 |
| 1055 | 1307410 | 2-dodecanone | 0.335 |
| 1079 | 595013 | delta-decalactone | 0.153 |
| 1108 | 5606010 | lauric acid | 1.438 |
| 1169 | 131924 | propyl paraben | 0.034 |
| 1183 | 51265 | tridecanoic acid | 0.013 |
| 1207 | 174975 | syringealdehyde | 0.045 |
| 1220 | 786713 | gamma-dodecalactone + 2-pentadecanone | 0.202 |
| 1249 | 913884 | delta-dodecalactone | 0.234 |
| 1259 | 110703 | myristoleic acid | 0.028 |
| 1266 | 1432064 | myristic acid | 0.367 |
| | | **Total (excluding internal standard)** | **87.71** |

41.    GC-MS analysis can detect the presence of the numerous trace compounds which contribute to the flavor profile from vanilla.

42.     The analysis reveals between 10 and 12 other chemicals that are common to vanilla but are also part of a standard compounded vanilla flavor, such as maltol, guiaicol, vanillyl ethel ether, cyclotene acetol, acetoin, furfural and benzaldehyde.

43.     The results show the Product contains "an abnormal excess of vanillin (MS Scan # 1019, 49.765 PPM) relative to the profile of minor components in a vanilla preparation," which is a strong indicator it contains vanillin from non-vanilla sources.[16]

44.     In a sample of vanilla extract subjected to the same GC-MS analysis, the ratio of vanillin to p-hydroxybenzoic acid is 270 (vanillin, MS Scan # 759, 77.4301 divided by p-hydroxybenzoic acid, MS Scan # 832, 0.2867).

45.     P-hydroxybenzoic acid is one of the compounds used to evaluate the authenticity of vanilla ingredients.[17]

46.     If all vanillin in the Vanilla Soft Serve came from vanilla beans, it would be expected to contain p-hydroxybenzoic acid at 0.184 PPM.

47.     Vanillyl ethyl ether is a benzyl ether which is closely associated with vanilla authenticity.

48.     The ratio of vanillin to vanillyl ethyl ether in the Product is 1105.89 (vanillin, MS Scan # 1019, 49.765 PPM divided by vanillyl ethel ether, MS Scan # 1043, 0.045).

49.     In the same sample of vanilla extract, the ratio of vanillin to vanillyl ethyl ether is 27.2 (vanillin, MS Scan # 759, 77.4301 divided by vanillyl ethel ether, MS Scan # 809, 2.8421).

50.     The non-detection of p-hydroxybenzoic acid and the disparate ratio of vanillin to vanillyl ethel ether in the Product means the Product contains less real vanilla and contains added vanillin.

51.     This added vanillin is from non-vanilla sources, such as rice bran or wood pulp.

---

[16] Arun K. Sinha et al., "A comprehensive review on vanilla flavor: extraction, isolation and quantification of vanillin and other constituents," International Journal of Food Sciences and Nutrition 59.4 (2008): 299-326.

[17] K. Gassenmeier and E. Binggeli, Vanilla Bean Quality – A Flavour Industry View, Expression of Multidisciplinary Flavour Science, Givaudan Schweiz AG, Ueberlandstrasse 138, CH-8600 Switzerland.

52.     This type of vanillin, when made through a natural process like fermentation, can be labeled a "natural flavor" only when used in foods where the characterizing flavor is not vanilla.

53.     Defendant's Product, "containing vanillin derived from a non vanilla bean source needs to be labeled as artificially flavored [because] the food is characterized/labeled as vanilla flavored."[18]

54.     The Vanilla Soft Serve "contains natural flavor compounds that simulate vanilla but are not derived from vanilla beans," and are therefore considered artificial flavors.[19]

55.     The GC-MS analysis also reveals propylene glycol (MS Scan # 266, 4.953 PPM) in relatively significant levels.

56.     Propylene glycol is commonly used as a solvent carrier for a flavor.

57.     In contrast, the solvent carrier for vanilla extract is ethyl alcohol.

58.     The presence of propylene glycol supports the allegations that the Vanilla Soft Serve contains non-vanilla flavors.

59.     The representations for the Vanilla Soft Serve Ice Cream are misleading because this gives consumers the impression that all of the vanilla taste is from vanilla beans, when this is not true and misleads consumers.

60.     Representing the Product as "Vanilla" instead of "Artificial Vanilla" or "Artificially Flavored Vanilla" is deceptive and misleading to consumers. *See* 21 C.F.R. §135.110(f)(2)(iii) ("If the food contains both a natural characterizing flavor and an artificial flavor simulating it, and if the artificial flavor predominates").

**Reliance and Economic Injury**

61.     When purchasing the Product, Plaintiff sought a product with a materially greater amount of vanilla than it actually contained.

62.     When purchasing the Product, Plaintiff sought a product that was natural, in that its vanilla flavor was provided exclusively by vanilla beans.

---

[18] Hallagan and Drake.
[19] Hallagan and Drake, p. 48.

63.    Plaintiff read and relied on Defendant's false and misleading product name, menu board, kiosk description and misleading claims in its labeling and advertising of the product.

64.    Plaintiff saw and relied on statements on the Product's advertising, which misleadingly reference only "vanilla" even though much, if not all, of the vanilla flavoring comes from non-vanilla sources.

65.    Plaintiff purchased the Product, and paid more for it than she would have paid believing the product had qualities she sought (*e.g.*, only vanilla flavor from vanilla beans from the vanilla plant) based on the misleading labeling and marketing; but the product was unsatisfactory to her because those representations were false and misleading.

66.    The Product costs significantly more per ounce at McDonald's restaurants compared to other similar products which lack prominent and unqualified descriptions and claims of "Vanilla" and more than the price that could be charged for it if it disclosed the source of the vanilla flavor.

67.    Plaintiff paid more for the Product than she would have had she not been misled by the false and misleading labeling and advertising complained of herein.

68.    For these reasons, the Products were worth less than what Plaintiff paid for them.

69.    Plaintiff purchased Product based on the false and misleading representations described herein.

70.    Plaintiff lost money as a result of Defendant's deception in that Plaintiff did not receive what he paid for.

71.    Plaintiff altered her position to his detriment and suffered damages in an amount equal to the amount he paid for the Product.

72.    By engaging in its misleading and deceptive marketing, sales and pricing scheme, Defendant reaped and continues to reap increased sales and profits.

## CLASS ACTION ALLEGATIONS

73.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The class that Plaintiff Clark seeks to represent (the "Class" or "the California Class") is composed of and defined as follows:

All persons residing in California who have purchased McDonald's Vanilla Soft Serve Ice Cream and other dessert items which feature the Vanilla Soft Serve, i.e., Vanilla Shake, for their own use (which includes feeding their families), and not for resale, since May 9, 2014.  Excluded from the Class are: governmental entities; Defendant; any entity in which Defendant has a controlling interest; Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns; and, any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

74.     For the purposes of this Complaint, the term "Class Members" refers to all members of the Class, including the Plaintiff Eugina Harris.

75.     This action is maintainable as a class action under Federal Rules of Civil Procedure Rule 23(a), and (b)(2) and (b)(3).

76.     **Numerosity**.  The Class consists of thousands of persons throughout the State of California.  The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action will benefit the parties and the Court.

77.     **Commonality and Predominance**.  The questions of law and fact common to the Class has the capacity to generate common answers that will drive resolution of this action.  They predominate over any questions affecting only individual class members.  Common questions of law and fact include, but are not limited to, the following:

a.      Whether McDonald's contributed to, committed, or is responsible for the conduct alleged herein;

b.      Whether McDonald's conduct constitutes the violations of law alleged herein;

c.      Whether McDonald's acted willfully, recklessly, negligently, or with gross negligence in the violations of laws alleged herein;

d.      Whether Class Members are entitled to injunctive relief; and

e.      Whether Class Members are entitled to restitution and damages.

78.     By seeing the name, labeling, display and marketing of the Product, and by purchasing the Product, all Class Members were subject to the same wrongful conduct.

79.     Absent McDonald's material deceptions, misstatements and omissions, Plaintiff Clark and other Class Members would not have purchased the Product.

80.     **Typicality**.  Plaintiff's claims are typical of the claims of the Class, respectively, because she purchased McDonald's soft serve ice cream products and was injured thereby.  The claims of Plaintiff and other Class Members are based on the same legal theories and arise from the same false, misleading and unlawful conduct.

81.     **Adequacy**.  Plaintiff is an adequate representative of the Class because her interests do not conflict with those of other Class Members.  Each Class Member is entitled to damages reflecting a similar and discrete purchase or purchases that each Class Member made. Plaintiff has retained competent and experienced class action counsel, who intends to prosecute this action vigorously.  The Class Members' interests will be fairly and adequately protected by Plaintiff and his counsel.

82.     **Superiority**.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because joinder of all Class Members is impracticable. The amount at stake for each consumer, while significant, is such that individual litigation would be inefficient and cost-prohibitive.  Plaintiff anticipates no difficulty in the management of this action as a class action.

83.     This Court should certify a class under Rule 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Class, by making illegal, unfair, misleading and deceptive representations and omissions regarding McDonald's Vanilla Soft Serve Ice Cream.

84.     This Court should certify a class under Rule 23(b)(3) because the common issues identified above predominate over any questions affecting individual members and a class is superior to other available methods to fairly and efficiently adjudicate the claims.

85.     **Notice to the Class**.  Plaintiff anticipates that this Court can direct notice to the Class, to be effectuated by publication in major media outlets and the Internet.

**FIRST CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**(Violation of California Business & Professions Code §§ 17200 *et seq.* –**
**Unlawful Conduct Prong of the UCL)**

86.     Plaintiff  incorporates by reference all allegations contained in the complaint as if fully set forth herein. California Business & Professions Code section 17200 ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice."

87.     The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant, as alleged herein, constitute "unlawful" business acts and practices in that they violate the Federal Food, Drug, and Cosmetic Act ("FFDCA") and its implementing regulations, including, at least, the following sections:

88.     21 U.S.C. § 343, which deems food misbranded when the label contains a statement that is "false or misleading in any particular," with "misleading" defined to "take[] into account (among other things) not only representations made or suggested by statement, word, design, device, or any combination thereof, but also the extent to which the labeling or advertising fails to reveal facts material";

89.     21 U.S.C. § 321(n), which states the nature of a false and misleading advertisement;

90.     21 C.F.R. § 101.18(b), which prohibits true statements about food ingredients and descriptions that are misleading in light of the presence of other ingredients;

91.     21 C.F.R. Part 169, Food Dressings and Flavorings;

92.     21 C.F.R. § 135.110, which sets forth a framework to truthfully identify the source of an ice cream product's flavor; and

93.     21 C.F.R. § 102.5 which prohibits misleading common or usual names.

94.     Defendant's conduct is further "unlawful" because it violates the California False Advertising Law ("FAL") and the Consumer Legal Remedies Act ("CLRA"), as discussed in the claims below.

95.     Defendant's conduct also violates the California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Saf. Code section 109875, *et seq.* ("Sherman Law"), including, at

least, the following sections:

96.     Section 110100 (adopting all FDA regulations as state regulations);

97.     Section 110290 ("In determining whether the labeling or advertisement of a food … is misleading, all representations made or suggested by statement, word, design, device, sound, or any combination of these, shall be taken into account.  The extent that the labeling or advertising fails to reveal facts concerning the food … or consequences of customary use of the food … shall also be considered.");

98.     Section 110390 ("It is unlawful for any person to disseminate any false advertisement of any food…. An advertisement is false if it is false or misleading in any particular.");

99.     Section 110395 ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food … that is falsely advertised.");

100.    Section 110398 ("It is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded.");

101.    Section 110400 ("It is unlawful for any person to receive in commerce any food … that is falsely advertised or to deliver or proffer for delivery any such food…."); and

102.    Section 110660 ("Any food is misbranded if its labeling is false or misleading in any particular.").

103.    Each of the challenged statements made and actions taken by Defendant violates the FFDCA, the CLRA, the FAL, and the Sherman Law, and therefore violates the "unlawful" prong of the UCL.

104.    Defendant leveraged its deception to induce Plaintiff Eugina Harris and members of the Class to purchase products that were of lesser value and quality than advertised.

105.    Defendant's deceptive advertising caused Plaintiff Eugina Harris and members of the Class to suffer injury in fact and to lose money or property, as it denied them the benefit of the bargain when they decided to purchase Vanilla Soft Serve Ice Cream over other products that are less expensive, and contain virtually the same or immaterially different amounts of vanilla.  Had Plaintiff Eugina Harris and the members of the Class been aware of Defendant's false and

misleading advertising tactics, they would not have purchased McDonald's Vanilla Soft Serve Ice Cream at all, or would have paid less than what they did for it.

106.    In accordance with California Business & Professions Code section 17203, Plaintiff Eugina Harris seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising campaign.

107.    Plaintiff Eugina Harris also seeks an order for the disgorgement and restitution of all monies from the sale of McDonald's Vanilla Soft Serve Ice Cream Products that were unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

**SECOND CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**(Violation of California Business & Professions Code §§ 17200, *et seq.* –**
**Unfair and Fraudulent Conduct Prong of the UCL)**

108.    Plaintiff Eugina Harris incorporates by reference all of the allegations of the preceding paragraphs as if fully set forth herein.

109.    California Business & Professions Code section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

110.    The false and misleading labeling of McDonald's Vanilla Soft Serve Ice Cream, as alleged herein, constitutes "unfair" business acts and practices because such conduct is immoral, unscrupulous, and offends public policy.  Further, the gravity of Defendant's conduct outweighs any conceivable benefit of such conduct.

111.    The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "fraudulent" business acts and practices, because Defendant's conduct is false and misleading to Plaintiff and members of the Class.

112.    Defendant's labeling and marketing of McDonald's Vanilla Soft Serve Ice Cream is likely to deceive Class Members about the flavoring source and amount of vanilla in the Product.

113.    Defendant either knew or reasonably should have known that the claims and statements on the labels of McDonald's Vanilla Soft Serve Ice Cream were likely to deceive

consumers.

114.    In accordance with California Business & Professions Code section 17203, Plaintiff Eugina Harris seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising campaign.

115.    Plaintiff Eugina Harris also seeks an order for the disgorgement and restitution of all monies from the sale of McDonald's Vanilla Soft Serve Ice Cream products that were unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

**THIRD CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**(Violation of California Business & Professions Code §§ 17500, *et seq.* –**
**False and Misleading Advertising)**

116.    Plaintiff Eugina Harris incorporates by reference all allegations contained in the complaint as if fully set forth herein.

117.    California False Advertising Law (Cal. Business & Professions Code sections 17500 and 17508) prohibits "mak[ing] any false or misleading advertising claim."

118.    As alleged herein, Defendant, in its labeling of McDonald's Vanilla Soft Serve Ice Cream, makes "false [and] misleading advertising claim[s]," as it deceives consumers as to the flavor composition and amount of vanilla in the Product.

119.    In reliance on these false and misleading advertising claims, Plaintiff Eugina Harris and members of the Class purchased and used McDonald's Vanilla Soft Serve Ice Cream without the knowledge that McDonald's Vanilla Soft Serve Ice Cream did not get its vanilla taste from vanilla beans.

120.    Defendant knew or should have known that its labeling and marketing was likely to deceive consumers.

121.    As a result, Plaintiff Eugina Harris and the Class are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

**FOURTH CLAIM**
**(ON BEHALF OF THE CALIFORNIA CLASS)**
**(Violation of California Civil Code §§ 1750, *et seq.* –**
**Consumers Legal Remedies Act)**

122.    Plaintiff Eugina Harris incorporates by reference all allegations contained in the complaint as if fully set forth herein.

123.    The CLRA adopts a statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services primarily for personal, family, or household purposes.

124.    Defendant's policies, acts, and practices were designed to, and did, result in the purchase and use of McDonald's Vanilla Soft Serve Ice Cream primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the CLRA:

125.    Section 1770(a)(2), which prohibits representing that goods have a particular composition or contents that they do not have;

126.    Section 1770(a)(5), which prohibits representing that goods have characteristics, uses, benefits or ingredients that they do not have;

127.    Section 1770(a)(7), which prohibits representing that goods are of a particular standard, quality, or grade if they are of another;

128.    Section 1770(a)(9), which prohibits advertising goods with intent not to sell them as advertised; and

129.    Section 1770(a)(16), which prohibits representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

130.    Plaintiff Eugina Harris requests that this Court enjoin the Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code § 1780.  If Defendant is not restrained from engaging in these types of practices in the future, Plaintiff and other members of the Class will continue to suffer harm.

131.    On August 17, 2020, Tiana Naples sent a Consumer Legal Remedies Notice via certified mail, return receipt requested, from Plaintiff's Counsel pursuant to Cal. Civ. Code § 1782, to Defendant's registered agent within the state of California and Defendant's headquarters.

132.    Defendant received the CLRA Notices on August 20, 2020 (registered agent) and August 21, 2020 (headquarters). See Exhibits D and E.

133.    The CLRA Notices provided Defendant notice of the misconduct and requested that Defendant cure its misconduct pursuant to Cal. Civ. Code. § 1782 within 30 days.

134.    Defendant, through counsel, responded to Plaintiff's Counsel on September 9, 2020, and denied that the statements and representations of the Product as "Vanilla" were misleading and refused to cure the misconduct alleged.

135.    Plaintiff seeks injunctive relief, restitution and damages for Defendant's violation of the CLRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and other members of the proposed Class herein, prays for judgment and relief on all of the legal claims as follows:

A.    Certification of the Class, certifying Plaintiff as representative of the Class, and designating Plaintiff's counsel as counsel for the Class;

B.    A declaration that Defendant has committed the violations alleged herein;

C.    For restitution and disgorgement pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and Cal Civ. Code § 1780;

D.    For declaratory and injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq*. and 17500, *et seq.*;

E.    For damages, declaratory and injunctive relief pursuant to California Civil Code § 1780;

F.    An award of compensatory damages, the amount of which is to be determined at trial;

G.    For punitive damages;

H.    For interest at the legal rate on the foregoing sums;

I.    For attorneys' fees;

J.    For costs of suit incurred; and

K.    For such further relief as this Court may deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all causes of action so triable.


Dated:  September 17, 2020

**Borison Firm, LLC.**

/s/Scott Borison
Scott C. Borison (State Bar No. 289456)
1900 S. Norfolk St Ste 350
San Mateo CA 94403
Telephone: (301) 620-1016
Facsimile:  (301) 620-1018
scott@borisonfirm.com

**Sheehan & Associates, P.C.**
Spencer Sheehan (*Pro hac vice forthcoming*)
60 Cuttermill Road Ste 409
Great Neck NY 11021
Tel: (516) 303-0552
Fax: (516) 234-7800
spencer@spencersheehan.com


*Counsel for Plaintiff and the Proposed Class*