**FAEGRE DRINKER BIDDLE & REATH LLP**
Rita Mansuryan (CA Bar No. 323034)
rita.mansuryan@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 203-4000
Facsimile: (310) 229 1285

Sarah L. Brew (*pro hac vice*)
sarah.brew@faegredrinker.com
Tyler A. Young (*pro hac vice*)
tyler.young @faegredrinker.com
Rory F. Collins (*pro hac vice*)
rory.collins@faegredrinker.com
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

*Counsel for Defendant*
*McDonald's Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eugina Harris, individually, and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>McDonald's Corporation,<br><br>Defendant. | Case No. 3:20-cv-06533-RS<br><br>Assigned to Judge Richard Seeborg<br><br>**ADMINISTRATIVE MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that before the Honorable Richard Seeborg in the above-entitled court, Defendant McDonald's Corporation ("McDonald's") hereby moves this Court for an Order enlarging the time in which McDonald's will respond to the Complaint, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Civil Local Rules 6-3 and 7-11.  Specifically, McDonald's requests its response deadline be extended by approximately 30 days, from December 3, 2020 to January 4, 2021.

Good cause exists for the requested enlargement of time, as it will allow McDonald's to respond to a nearly identical case filed earlier this year by one of the same lawyers representing Plaintiff Eugina Harris in this case, *Webber v. McDonald's Corp.*, No. 7:20-cv-02058 (S.D.N.Y. Mar. 8, 2020), before McDonald's responds to Plaintiff's Complaint in this action.  In the interests of efficiency and respecting the sequence in which these similar cases were filed, the requested extension is appropriate and justified.  Moreover, McDonald's request for a short extension is not prejudicial to Plaintiff, as an additional 30 days would not alter any other scheduled dates in this matter.

McDonald's Motion is based on this Notice of Motion, the concurrently-filed Memorandum of Points and Authorities, the Declaration of Sarah L. Brew, the files and records in this action, and any further evidence or argument that the Court may properly receive at or before a hearing if the Court schedules one.

Dated: November 19, 2020

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Sarah L. Brew*
      Sarah L. Brew

*Attorney for Defendant
McDonald's Corporation*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Civil Local Rules 6-3 and 7-11, Defendant McDonald's Corporation ("McDonald's") moves for an order enlarging the time for McDonald's to respond to the Complaint by 30 days, from December 3, 2020 to January 4, 2021.[1]

The requested enlargement of time will allow McDonald's to respond to a nearly identical case filed earlier this year by one of the same lawyers representing Plaintiff Eugina Harris in this case, *Webber v. McDonald's Corp.*, No. 7:20-cv-02058 (S.D.N.Y. Mar. 8, 2020) (the "*Webber*" action) before McDonald's responds to Plaintiff's Complaint in this action (the "*Harris*" action).

Counsel for the parties have conferred regarding this 30-day enlargement of time, but unfortunately find themselves at an impasse that requires the Court to decide the matter. (Declaration of Sarah Brew ("Brew Decl.") ¶ 3.) McDonald's respectfully submits that good cause exists for the proposed enlargement, as set forth below.

## II.   BACKGROUND

### The *Webber* Action

On March 8, 2020, Plaintiff Emelina Webber commenced the *Webber* action by filing her complaint in the U.S. District Court for the Southern District of New York. (*Webber*, ECF No. 1.) Ms. Webber is represented by Spencer Sheehan. (*Id.*) Ms. Webber alleges that the marketing and so-called "labeling" of McDonald's soft serve Vanilla Cones (the "Product") is false and misleading because the flavor is represented as vanilla, but, according to Ms. Webber, the Product is not flavored exclusively through use of vanilla beans, and the amount of vanilla is less than consumers expect. (*Id.* ¶ 4.) Ms. Webber initially sought to represent consumers from all 50 states (*id.* ¶ 143), but she has since amended her complaint and limited the proposed class to New York. (*See Webber*,

---

[1] Thirty days from December 3, 2020 is January 2, 2021, which is a Saturday. Pursuant to Rule 6(a)(1)(C), McDonald's response would be due the next business day, which is Monday, January 4, 2021.

ECF No. 17 ¶ 73.) In addition to several common-law claims, Ms. Webber asserts claims under New York's consumer protection statute, N.Y. Gen. Bus. Law §§ 349 & 350. (*Id.* ¶¶ 82-89.)

The *Webber* action is pending before the Honorable Kenneth M. Karas. (Brew Decl. ¶ 5.) Judge Karas has adopted a pre-motion conference procedure, which requires a party bringing a motion to dismiss to first file a letter stating the grounds for the motion. (*Id.*) The non-moving party must respond by similar letter, and then Judge Karas holds a pre-motion conference to discuss the issues and potentially set a briefing schedule for the motion. (*Id.*) The moving party's letter stays the deadline to answer or move until further order from the court. (*Id.*)

McDonald's filed a pre-motion letter regarding Ms. Webber's initial complaint on July 31, 2020. (*Webber*, ECF No. 13.) In response, Ms. Webber indicated that she intended to amend her complaint and requested an extension of time to do so. (Webber, ECF No. 15.) McDonald's consented to Ms. Webber's request for an extension of time. (*Id.*; Brew Decl. ¶ 6.) Ms. Webber filed her amended complaint on September 29, 2020. (*Webber*, ECF No. 17.)

On October 27, 2020, McDonald's filed a pre-motion letter regarding its anticipated motion to dismiss the amended complaint. (*Webber*, ECF No. 22.) On November 3, 2020, Ms. Webber filed a response to McDonald's letter. (*Webber*, ECF No. 25.) On November 5, 2020, Judge Karas entered an order scheduling a pre-motion conference for December 2, 2020. (*Webber*, ECF No. 26.)

**The *Harris* Action**

On September 17, 2020, Plaintiff initiated this action by filing the Complaint. (*See Harris*, ECF No. 1.) Like Ms. Webber, Plaintiff is represented by Mr. Sheehan and makes the same argument that the marketing and "labeling" of the Product as a "Vanilla Cone" is misleading because it contains non-vanilla flavors and has less vanilla than consumers expect. (*Id.* ¶¶ 3-4.) Plaintiff seeks to represent a class of California

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
MINNEAPOLIS

- 2 -
ADMINISTRATIVE MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT
Case No. 3:20-CV-06533-LB

consumers and asserts claims under California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act. (*Id.* ¶¶ 73, 86-135.)

On October 15, 2020, Plaintiff served the Complaint and Summons on McDonald's via its registered agent. (*See Harris*, ECF No. 9.) Pursuant to Rule 12, McDonald's original deadline to respond to the Complaint was November 5, 2020. On October 30, 2020—before the pre-motion conference was scheduled in the *Webber* action—the parties stipulated to a 4-week extension of all deadlines in this action. (*Harris*, ECF No. 11.) Pursuant to that stipulation and the Court's order, McDonald's response to the Complaint currently is due December 3, 2020.  (*Id.*; *Harris*, ECF No. 12.)

### III.   ARGUMENT

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Civil Local Rule 6-3, the Court may enlarge McDonald's time to respond to the Complaint. Rule 6(b) permits an enlargement of time "for good cause." Good cause exists for McDonald's requested enlargement for the following reasons:

*First*, an enlargement of time would promote efficient and orderly proceedings. This action makes the same allegations and presents the same fundamental issues as the *Webber* action. McDonald's and one of Plaintiff's counsel will be discussing those issues at the pre-motion conference with Judge Karas in *Webber* on December 2. Under the current schedule, McDonald's response to the Complaint in this Action is due the very next day—meaning that McDonald's will need to prepare its response to the Complaint before the conference in *Webber*. It would be more efficient if the conference in *Webber* can proceed first, which would allow the parties in this Action the opportunity to consider the issues discussed at the conference and potentially meet and confer before McDonald's must decide how it wishes to proceed here.

*Second*, an enlargement of time would allow *Webber*, the first-filed case, to proceed simultaneously with, if not ahead of, this action. Respecting the sequence in which similar cases were filed promotes efficiency in the legal system and discourages forum shopping. *See, e.g.*, *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
MINNEAPOLIS

- 3 -
ADMINISTRATIVE MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT
Case No. 3:20-CV-06533-LB

1  Cir. 1991) (noting that the first-to-file rule, which permits a court to decline jurisdiction
2  over a case "when a complaint involving the same parties and issues has already been
3  filed in another district," promotes efficiency); *Chavez v. Dole Food Co., Inc.*, 836 F.3d
4  205, 221 (3d Cir. 2016) (discussing forum shopping and the first-to-file rule). Here, an
5  enlargement of time would allow McDonald's to respond to the first-filed action first
6  because the pre-motion conference in *Webber* is scheduled for December 2 and
7  McDonald's anticipates that it will have an opportunity shortly thereafter to file a formal
8  response to the amended complaint in *Webber*.

9  Finally, while McDonald's would be prejudiced if no enlargement is granted for
10 the reasons explained above, Plaintiff will not suffer any prejudice from a short 30-day
11 enlargement of time. This case has been pending only since September 17, and an
12 additional 30 days will not materially prolong these proceedings. Furthermore,
13 McDonald's requested enlargement does not affect any other scheduled dates; the initial
14 case management conference that is set for January 21, 2021 could proceed as scheduled.

15 **IV.   CONCLUSION**

16 For the reasons stated above, McDonald's moves the Court for an order enlarging
17 its time to respond to Plaintiff's Complaint by 30 days, from December 3, 2020 to
18 January 4, 2021.

20 Dated: November 19, 2020

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Sarah L. Brew*
         Sarah L. Brew

*Attorney for Defendant*
*McDonald's Corporation*